IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**NICKY CHAVEZ,**

    Plaintiff,

v.

**COLETTE PETERS et al.,**

    Defendants.

No. 2:16-cv-02225-MO

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on a Motion for Summary Judgment [37] filed by Defendants, who are employees of the Oregon Department of Corrections (ODOC). No party requested oral argument. For the reasons below, I GRANT Defendants' Motion for Summary Judgment [37].

## BACKGROUND

Plaintiff Nicky Chavez filed a complaint under 42 U.S.C. § 1983, alleging that Defendants violated his Eighth and Fourteenth Amendment rights. These allegations stem from an ODOC hearing in which Mr. Chavez was found to have participated in a fight with another inmate, Seth Finch, while incarcerated at the Snake River Correctional Institution (SRCI). As a

1 – OPINION AND ORDER

result of that fight, Mr. Finch required treatment at a hospital outside the prison system, costing ODOC $62,805.86.

Defendant Frank Serrano, an ODOC hearings officer, conducted a disciplinary hearing in which he found that Mr. Chavez had caused Mr. Finch's injuries. Mr. Serrano recommended that Mr. Chavez receive a sanction of 120 days in the Disciplinary Segregation Unit and the loss of privileges for 21 days. Serrano Decl. [38] Ex. 4. In a later hearing, after finding that both men were responsible for the fight, Mr. Serrano recommended that Mr. Chavez pay restitution in the amount of half the cost of Mr. Finch's treatment. *Id.* Defendant Mark Nooth, superintendent of SRCI, approved both the disciplinary sanction and the restitution. *Id.* The disciplinary hearing was reviewed twice, first by Defendant Michael Gower, ODOC acting inspector general, and then by ODOC inspector general Craig Prins. Resp. [64] Ex. B.; Ventura Decl. [39] Ex. 1.

Mr. Chavez denies that he participated in the fight. He claims that ODOC officers punished him because he would not reveal the name of the actual participant in the fight with Mr. Finch. Compl. [2] at ¶¶ 38, 39. Mr. Chavez asserts that Defendants' disciplinary hearing violated ODOC regulations and his constitutional due process rights. Mr. Chavez also claims that the restitution imposed by Defendants violates the Eighth Amendment because it is an excessive fine. For the reasons given below, I find that Defendants' conclusory reasons for denying Mr. Chavez's request to call witnesses did not satisfy procedural due process requirements. I also find, however, that summary judgment should be granted because (1) Defendants Peters, Gower, Nooth, Parks, and Johnson did not personally participate in the constitutional violation; (2) because Defendant Serrano is entitled to qualified immunity; and (3) because Mr. Chavez has not alleged that any constitutional violations were the result of an ODOC custom or policy.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the nonmoving party to demonstrate, through the production of evidence listed in Federal Rule of Civil Procedure 56(c)(1), that there remains a "genuine issue for trial." *Id.* at 324. The nonmoving party may not rely upon the pleading allegations, *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P 56(e)), or "unsupported conjecture or conclusory statements," *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To survive summary judgment, a prisoner asserting a substantive due process claim arising from a prison disciplinary decision has a unique burden; there must be a genuine issue for trial on his claim that there was no evidence to support the challenged decision. *See Superintendent v. Hill*, 472 U.S. 445, 454–56 (1985).

## DISCUSSION

### I. <u>Substantive Due Process Claim</u>

Mr. Chavez alleges that Defendants denied him due process by punishing him for a violation that he did not commit. Substantive due process requires only "some evidence" to support a prison disciplinary decision. *Hill*, 472 U.S. at 454–56. Where a hearings officer's determination in a disciplinary hearing is based on statements of unidentified informants, due

process requirements are satisfied if

> (1) the record contains some factual information from which the [hearings officer] can reasonably conclude that the information was reliable, and (2) the record contains a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name. Review of both the reliability determination and the safety determination should be deferential.

*Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987). The reliability of a confidential informant may be established by, among other things, corroborating testimony. *Id.*

In this case, the confidential testimony of two informants constitutes "some evidence" that satisfies the requirements of *Hill*. The hearings officer stated that the two informants corroborated each other's testimony and corroborating testimony is sufficient to establish reliability. Serrano Decl. [38] at 3. Defendant Frank Serrano, the hearings officer in this case, also determined that disclosing the informants' identities to Mr. Chavez would endanger the informants. *Id.* This safety determination is entitled to deference and satisfies the second prong of *Zimmerlee*'s test for substantive due process in disciplinary hearings involving the testimony of confidential informants.

Because there was "some evidence" in the record that supports the hearings officer's findings in this case, I conclude that Defendants are entitled to summary judgment on Mr. Chavez's substantive due process claim. *See Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).

II. Procedural Due Process Claims

Mr. Chavez claims that Defendants violated his Fourteenth Amendment Due Process rights in four additional ways. I construe these as procedural due process claims. First, Mr. Chavez claims that Defendants Peters, Gower, and Nooth, (collectively, "the approving officers") and Defendant Serrano ("the hearings officer") impermissibly refused Mr. Chavez's request to call witnesses on his behalf at the disciplinary and restitution hearings. Compl. [2] at

¶ 67. Second, Mr. Chavez claims that Defendants "systematically suppressed any evidence that would have refuted their CI's testimony." *Id.* The third procedural due process claim alleges that the hearings officer and the approving officers failed to provide a sufficient level of staff or inmate assistance in collecting and presenting evidence. *Id.* Finally, Mr. Chavez alleges that the approving officers violated his due process rights by failing to provide him with an impartial disciplinary hearing committee. *Id.*

The Due Process Clause protects inmates from being deprived of liberty or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). *Wolff* sets forth the minimum procedural protections that apply to prison disciplinary proceedings. *Id.* The Ninth Circuit summarized those requirements as follows:

> First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [hearings officer]." Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Fifth, "[w]here an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff."

*Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995) (quoting *Wolff*, 418 U.S. at 564). However, these procedural protections are necessary only when disciplinary action "implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin*, 515 U.S. at 484). Disciplinary segregation is insufficient to trigger

5 – OPINION AND ORDER

*Wolff*'s procedural protections. *Sandin*, 515 U.S. at 486. However, I find that the restitution imposed in this case is an atypical and significant hardship and I therefore address Mr. Chavez's claims under the standard announced in *Wolff*.

A. <u>Defendants' Refusal to Allow Witnesses at the Disciplinary and Restitution Hearings</u>

Mr. Chavez argues that his due process rights were violated when the hearings officer refused to call witnesses at the disciplinary hearing and the subsequent restitution hearing. Mr. Chavez claims that a fellow inmate, Antonio Calderon, would have testified at the disciplinary hearing that Mr. Chavez was not involved in the fight with Mr. Finch. Compl. [2] at ¶ 37. Mr. Chavez also claims that Mr. Finch would have testified at the restitution hearing that the fight involved a different inmate. This claim is supported by a letter Mr. Finch wrote to the hearings officer. Resp. [64] Ex. C.

Due process in a prison disciplinary proceeding can include the opportunity to call witnesses and present documentary evidence. *Wolff*, 418 U.S. at 566. This right is not unrestricted, however, and is subject to considerations of prison safety and disciplinary goals. *Id.* The Supreme Court has recognized that restricting the right to call witnesses at a prison disciplinary hearing is a necessary consequence of the "mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Baxter v. Palmigiano*, 425 U.S. 308, 321 (1976) (quoting *Wolff*, 418 U.S. at 556). When prison officials do not allow a witness to testify at an administrative proceeding, due process is satisfied so long as the officials "explain, in a limited manner, the reason why witnesses were not allowed to testify." *Ponte v. Real*, 471 U.S. 491, 497 (1985). The reasons given must be logically related to institutional safety or correctional goals. *Id.* The irrelevance of a witness and the lack of necessity for a witness are two permissible justifications that prison

officials may provide when refusing to allow a prisoner to call witnesses. *See Wolff*, 418 U.S. at 566. "[T]he decision to preclude the calling of a witness should be made on a case-by-case analysis of the potential hazards which may flow from the calling of a particular person." *Bartholomew v. Watson*, 665 F.2d 915, 918 (9th Cir. 1982).

      i.      <u>Denial of Mr. Chavez's Request to Present Mr. Calderon as a Witness</u>

The hearings officer in this case denied Mr. Chavez's request to call Mr. Calderon as a witness at the disciplinary hearing. Serrano Decl. [38] at 3. Mr. Chavez claims that Mr. Calderon would have testified that they were together at the time of fight and that they were at a distance from where the fight occurred. Compl. [2] at ¶ 12–13. Defendant Serrano declined the request to call Mr. Calderon "because the testimony as summarized by Inmate Chavez would have been redundant of Inmate Chavez's own statement." Serrano Decl. [38] at 3. Mr. Chavez claims that the hearings officer would only allow the testimony of inmates who were not associated with Mr. Chavez's "security threat group." *See* Compl. [2] at ¶ 42.

Prison officials have the discretion to refuse a prisoner's request to call a witness when that witness's testimony would be redundant. *See Wolff*, 418 U.S. at 566 (prison officials have the discretion to keep hearings "within reasonable limits"). But I do not agree that the first witness to corroborate an accused prisoner's testimony is redundant. Corroborative testimony necessarily involves overlapping accounts, but that is why it is valuable. A hearings officer is free to disbelieve the testimony of a corroborating witness and may refuse to call successive corroborating witnesses. But procedural due process requires that prison officials not prevent a prisoner from presenting probative testimony on the premise that corroboration is redundant.

Because Mr. Serrano failed to provide a valid reason for denying Mr. Chavez's request to present Mr. Calderon as a witness at his disciplinary hearing, I find that Mr. Chavez has

presented a genuine issue for trial on his claim that the refusal to allow Mr. Finch to testify was an unconstitutional denial of procedural due process. I therefore deny Defendants' Motion for Summary Judgment [37] on the merits of this claim.

ii. Denial of Mr. Chavez's Request to Present Mr. Finch as a Witness

The hearings officer also refused to grant Mr. Chavez's request that Mr. Finch testify at the restitution hearing. Mr. Serrano allegedly stated that Mr. Finch would not be called because he was unavailable. Compl. [2] at ¶ 53. Defendants' Motion to Dismiss states that Mr. Finch was not allowed to testify due to "safety concerns." Mot. Dismiss [37] at 8. Although Mr. Chavez's culpability was established at the disciplinary hearing, I find no reason that *Wolff*'s due process requirements do not also apply to Mr. Chavez's restitution hearing. Evidence submitted by Defendants indicates that the disciplinary hearing was "reconvened" to determine restitution. Serrano Decl. [38] Ex. 4 at 4. Therefore, I analyze the hearings officer's decision to deny Mr. Chavez's request to allow Mr. Finch to testify under the standards provided by *Wolff* and *Ponte*.

Prison officials have the discretion to deny an inmate's request to present witnesses at a disciplinary hearing when calling a witness would threaten "institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority." *Id.* As discussed above, the Due Process Clause is satisfied so long as the officials "explain, in a limited manner, the reason why witnesses were not allowed to testify." *Ponte*, 471 U.S. at 497.

Invoking "institutional safety" or "unavailability" without providing any supporting rationale does not satisfy the requirement that prison officials explain the reasons why witnesses were not allowed to testify. *Id.* Conclusory statements prevent judicial review of a prison

official's decision to deny an accused prisoner the opportunity to present witnesses. Some judicial review of prison officials' explanations is appropriate. *See Ponte*, 471 U.S. at 497 ("Explaining the decision at the hearing will of course not immunize prison officials from a subsequent court challenge to their decision . . . ."). Conclusory statements also impermissibly place the burden of proof on the prisoner to show that a prison official's decision was arbitrary or capricious. *Id.* at 499. *Ponte* required that prison officials provide "reasons that are logically related to preventing undue hazards to 'institutional safety or correctional goals.'" *Id.* at 497. The plain language of that statement establishes that "institutional safety" is a conclusion, not a reason.

The Seventh Circuit has held that prison officials' explanations must provide more than "broad conclusions" for the decision to deny a prisoner's request for a witnesses at a disciplinary hearing. *See Hayes v. Walker*, 555 F.2d 625, 630 (7th Cir. 1977). The court in *Hayes* stated that "broad unsupported findings" would risk the arbitrary and unreviewable denial of a prisoner's limited right to call witnesses. *Id.* The Ninth Circuit has also required prison officials to give more than conclusory explanations for denying an inmate the right to present witnesses. *Conner v. Sakai*, 15 F.3d 1463, 1468 (9th Cir. 1993), *rev'd sub nom. Sandin v. Conner*, 515 U.S. 472 (1995), *and amended in part, vacated in part*, 61 F.3d 751 (9th Cir. 1995). Although overturned on other grounds, *Connor v. Sakai* found that prison officials had not met their burden at summary judgment by stating only that "witnesses were unavailable due to [the] move to the medium facility and being short staffed on the modules." *Id.*

Mr. Chavez alleges that Defendant Serrano refused to allow Mr. Finch to appear at the restitution hearing because he was unavailable. Compl. [2] at ¶ 53. Defendants contend that calling Mr. Finch presented a safety concern. Mot. Dismiss [37] at 8. In either case, Defendants

provided only a broad and unsupported conclusion that does not adequately explain why Mr. Finch was unavailable or presented a safety concern. I find that these conclusory statements do not satisfy the requirement that prison officials provide an explanation of the reason why Mr. Finch was not permitted to testify at the restitution hearing. Defendants have therefore failed to meet their burden for summary judgment on the claim that Defendant Serrano's refusal to allow Mr. Finch to testify at the restitution hearing violated Mr. Chavez's procedural due process rights. I therefore deny Defendants' Motion for Summary Judgment [37] on the merits of this claim.

    B. <u>Suppression of Evidence</u>

Mr. Chavez claims that prison officials decided not to take photographs of his body when they first questioned him about the fight. Compl. [2] at ¶ 25. Mr. Chavez asserts that such photographs would have shown that he did not have injuries consistent with participation in the fight. *Id.* at ¶ 56. He also states that the hearings officer and approving officers failed to submit photographs from the scene of the fight showing bloody footprints that allegedly did not match Mr. Chavez's shoes. *Id.* Finally, Mr. Chavez believes that Defendants possess videos of the prison facility that show he was not involved in the fight with Mr. Finch. *Id.*

"The due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, but they are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence." *Edwards v. Balisok*, 520 U.S. 641, 647 (1997). But Mr. Chavez has failed to support his allegations of suppression of evidence at his disciplinary hearing with any facts. Prison officials' decision not to collect or present certain evidence is not equivalent to suppression. Prison officials' decision not to photograph Mr. Chavez's body is not suppression. Similarly, the fact that prison officials

did not introduce pictures of the bloody shoeprints at Mr. Chavez's disciplinary hearing does not amount to the dishonest suppression of evidence.

To succeed against a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by setting out facts that are in the record. Fed. R. Civ. P. 56(c). Such facts may be asserted in an affidavit or declaration, but the affidavit or declaration must be made on personal knowledge. *Id.* Mr. Chavez has failed to meet the requirements of Rule 56(c) with respect to alleged exculpatory video evidence because his allegations are based on "information and belief" that such videos exists rather than personal knowledge. *See Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995).

Because there is no genuine issue for trial on the issue of suppression of evidence at Mr. Chavez's disciplinary hearing, Defendants are entitled to summary judgment on this claim.

C. Defendants' Duty to Provide Investigative Assistance

Mr. Chavez alleges that the hearings officer and the approving officers violated his due process rights by not providing him with assistance "to collect and present evidence necessary for an adequate comprehension of the case." Compl. [2] at ¶ 68. Under the standard announced in *Wolff*, an inmate is not entitled to an investigation performed by a third party. Rather, the procedural guarantees anticipate the inmate will conduct his own investigation. *See Walker v. Sumner*, 14 F.3d at 1420 (an inmate is only entitled to assistance where he is incapable of "collect[ing] and present[ing]" evidence in his own defense). Mr. Chavez does not allege he was incapable of preparing his own defense. Therefore, Mr. Chavez has not presented a genuine issue for trial on his claim that Defendants' failure to provide investigative assistance violated his procedural due process rights under *Wolff*. Defendants' Motion for Summary Judgment [37] on this claim is granted.

11 – OPINION AND ORDER

D.  Adjudication by an Impartial Decision Maker

Although lacking the full protections that accompany a criminal trial, prison disciplinary hearings must still comport with the principle that a "fair trial in a fair tribunal is a basic requirement of due process." *Withrow v. Larkin*, 421 U.S. 35, 46 (1975) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)). By itself, an adverse decision is not sufficient to show that the decisionmaker was biased. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (bias is shown when a decision maker "relied upon knowledge acquired outside such proceedings" or "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible"). Aside from situations where the probability of actual bias is high, there is a presumption of honesty and integrity in those who serve as adjudicators. *Withrow*, 421 U.S. at 46–47, 58.

In this case, Mr. Chavez does not allege any facts that would establish the bias of the hearings officer or any of the approving officers. Although the adverse decision by the hearings officer might give Mr. Chavez the belief that the decisionmaker was biased, that belief, without more, is insufficient to overcome the presumption of the hearings officer's impartiality. Similarly, Mr. Chavez's assertions that Defendant Johnson wrote a report of the fight in such a way as to predetermine the result does not show that the hearings officer was biased.

Because Mr. Chavez has presented no facts to substantiate his allegations that he was denied an impartial adjudication, there is no genuine issue for trial and Defendants are entitled to summary judgment on this claim.

E.  Conclusion

For the reasons stated above, I find that Mr. Chavez has failed to present a genuine issue for trial on three of his four procedural due process claims. Defendants are therefore entitled to

summary judgment on Mr. Chavez's claims that Defendants violated due process by suppressing evidence, not assisting his investigation, and not providing him an impartial decision maker. In granting summary judgment on these claims, I need not consider Mr. Chavez's assertions regarding Defendants' adherence to ODOC regulations. It is sufficient for the purposes of analyzing the due process claims at issue in this § 1983 case that Defendants have provided the process due under the Constitution. *Walker*, 14 F.3d at 1420 ("[I]f state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny.") (quoting *Rogers v. Okin*, 738 F.2d 1, 8 (1st Cir. 1984)).

   III.   Eighth Amendment Claim

Mr. Chavez alleges that the restitution imposed by the hearings officer and approving officers violated the Eight Amendment's prohibition on excessive fines. Compl. [2] at ¶ 70. Mr. Chavez argues that the amount of restitution is excessive because he is incapable of paying it. *Id.* at 8; Resp [64] at 42.

"Only a grossly disproportionate, punitive sanction will raise an Eighth Amendment excessive fines concern." *Craft v. Grannis*, No. CV 08-1179-VBF (JEM), 2010 WL 4796170, at *4 n.3 (C.D. Cal. Aug. 10, 2010) (citing *United States v. Bajakajian*, 524 U.S. 321, 334–35 (1998)). The ability to pay is not a relevant consideration when determining restitution. *United States v. Dubose*, 146 F.3d 1141, 1146 (9th Cir. 1998), *as amended on denial of reh'g* (Aug. 31, 1998). "[B]ecause the full amount of restitution is inherently linked to culpability of the offender, restitution orders that require full compensation in the amount of the loss are not excessive." *Id.*

In this case, Defendants' imposition of restitution was neither grossly disproportionate nor a punitive sanction. Mr. Chavez was found to have participated in the fistfight that caused Mr. Finch's injuries, which were treated at ODOC's expense. The hearings officer determined that Mr. Chavez was responsible for half of Mr. Finch's medical expenses because both men were responsible for the fight. I find that restitution in an amount reflecting Mr. Chavez's responsibility for the expense ODOC incurred is not disproportionate. *See id.* The hardship associated with paying this amount does not make the restitution excessive or punitive for Eighth Amendment purposes.

IV. Liability of Defendants Under § 1983

As discussed above, I find that Mr. Chavez has presented a genuine issue for trial on only one of his claims: Defendants' refusal to call witnesses at the disciplinary and restitution hearings. For the reasons stated below, I find that only Mr. Serrano personally participated in this constitutional violation but that he is entitled to qualified immunity for the personal capacity damages claim against him. I also find that the claim for injunctive relief against Mr. Serrano in his official capacity fails because Mr. Chavez has not alleged any facts demonstrating that the constitutional violation was the product of an ODOC policy or custom.

A. Personal Participation

Defendants Peters, Gower, Serrano, Parks, and Johnson argue that they did not participate in the alleged constitutional violations and should therefore be dismissed from this action. Mot. Summ. J. [37] at 11. Defendants argue that the only person who may be held liable for the alleged constitutional violations was the superintendent of SRCI, Defendant Mark Nooth. Defendants claim that the disciplinary and restitution orders were merely recommendations by Mr. Serrano until Mr. Nooth approved them. *Id.* at 12.

"Liability under § 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Vicarious liability is inapplicable to a § 1983 suit—plaintiffs must plead that each defendant's individual actions has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). But a supervisor may be responsible for "setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018).

Mr. Chavez has not alleged that Defendants Peters, Parks, or Johnson had any personal participation in refusing to allow witnesses to testify at his disciplinary or restitution hearings. *See* Compl. [2] at ¶¶ 30–54. Because this is the only claim on which Mr. Chavez has presented a genuine issue for trial, I find that there is no genuine dispute regarding § 1983 liability for these defendants and they should be dismissed from this action.

Mr. Chavez alleged that Defendant Mark Nooth, superintendent of SRCI, and Michael Gower, acting ODOC Inspector General, are liable because they approved the hearings officer's recommendations. Resp. [64] at 49; Compl. [2] at ¶6. Defendants agree that, because he approved the disciplinary and restitution orders, Mr. Nooth is responsible for any constitutional violations flowing from them. Summ. J. [37] at 12. But the parties' arguments fail to address the acts that constituted a violation of due process. Mr. Chaevz does not allege that Mr. Nooth approved the exclusion of witnesses. Nor does he allege that Mr. Nooth knew or should have known that the hearings officer refused to permit witnesses at the hearings. Mr. Chavez merely points to Mr. Nooth's supervisory position and his approval of the hearings officer's ultimate recommendations, which is insufficient to establish Mr. Nooth's participation in denying Mr.

Chavez's requests for witnesses. The same defect applies to the claims against Mr. Gower, who is alleged to have upheld the disciplinary and restitution orders in an administrative review. There is no allegation that Mr. Gower participated in excluding witnesses from the hearings or had any knowledge of the hearings officer's decision to do so. Therefore, I find that Mr. Chavez has failed to present a genuine issue for trial on the liability of Mr. Gower and Mr. Nooth under § 1983 and they should therefore be dismissed from this action.

The only Defendant alleged to have personally participated in excluding witnesses from the hearings without providing adequate explanation was the hearings officer, Mr. Serrano. Because Mr. Chavez sued Mr. Serrano in his personal and official capacities, I now turn to the following two questions: (1) whether Mr. Serrano is entitled to qualified immunity for the procedural due process violation described above, and (2) whether Mr. Chavez has alleged the facts necessary to raise a genuine dispute in his official-capacity claims against Mr. Serrano.

B. Qualified Immunity

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Moreover, qualified immunity is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). If a court determines that an official is entitled to qualified immunity on a § 1983 claim for damages, the court should dismiss those claims prior to discovery. *See id.*

The Supreme Court has set out a two-step inquiry to determine whether a state actor has qualified immunity: (1) whether the facts taken in the light most favorable to the party asserting the injury show conduct that violated a constitutional right; and (2) whether the right was clearly

established at the time the alleged violation occurred. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). As discussed above, I find that there is a genuine issue for trial on the claim that Mr. Serrano violated constitutional due process protections by denying Mr. Chavez's request to present witnesses at his disciplinary and restitution hearings without proper explanation. As a result, I must evaluate the second step of the qualified immunity test to determine whether Mr. Serrano is entitled to qualified immunity.

      i.    <u>Clearly Established Law</u>

To succeed at the second step of the qualified immunity test, a plaintiff must show that the asserted right was clearly established at the time of the alleged violation. To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The Supreme Court has repeatedly emphasized that clearly established law should not be defined at a high level of generality. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). "Rather, the right alleged to have been violated must be defined in a 'more particularized' manner than, for example, 'the general proposition that use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness.'" *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 986–87 (9th Cir. 2011) (quoting *Saucier*, 533 U.S. at 201–02). "[Courts] do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

Here, a particularized definition of the right at issue is an inmate's right to an adequate explanation of prison officials' decision to deny a request to present witnesses at a disciplinary hearing. As discussed above, *Ponte v. Real* placed beyond debate the necessity of providing some explanation for denying an inmate's request for witnesses. 471 U.S. at 497. But the level

17 – OPINION AND ORDER

of detail required of prison officials' explanations has not been clearly defined in the Ninth Circuit. For a brief time, *Conner v. Sakai* established a standard that clearly required more than the conclusory explanations given by the prison officials in this case. 15 F.3d at 1468. But that standard was subsequently vacated and no other precedential case in this Circuit has addressed the level of detail with which prison officials must articulate the reasons for denying a prisoner's request for a witness at a disciplinary hearing.

In this case, Mr. Serrano did not flaunt *Ponte*'s requirement that he "explain, in a limited manner, the reason why witnesses were not allowed to testify." 471 U.S. at 497. Instead, he gave conclusory statements justifying his decision. While I find that this fails to satisfy procedural due process, I cannot say that existing precedent placed the inadequacy of Mr. Serrano's explanations beyond debate. Because it was not clearly established that conclusory statements do not satisfy *Ponte*'s requirement that prison officials explain their decision, Mr. Serrano is entitled to qualified immunity for this violation of procedural due process. I therefore grant Defendants' Motion for Summary Judgment [37] on this claim against Mr. Serrano in his personal capacity.

C. Official Capacity Claims

A claim for relief under § 1983 must allege a violation of rights created by the Constitution or federal law that is proximately caused by a "person" acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). State officials sued in their official capacity for damages are not persons for the purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). State officials sued in their official capacity for injunctive relief, however, are persons for the purposes of § 1983. *Id.* at 71 n.10. And although Mr. Serrano is entitled to qualified immunity for the personal-capacity damages claims against him,

"[c]laims for injunctive and declaratory relief are unaffected by qualified immunity." Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012). Therefore, Mr. Chavez may still seek declaratory or prospective injunctive relief in a claim brought against Mr. Serrano in his official capacity.

In an official-capacity suit against a state official, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991). Even construing the pleadings liberally, there are no allegations that Mr. Serrano's decision to deny Mr. Chavez's request for witnesses was the result of a policy or custom. In fact, Mr. Chavez argues a contrary position in his Response to the Motion to Dismiss. Mr. Chavez argues in his Response that Mr. Serrano did not follow ODOC regulations governing the exclusion witnesses from a disciplinary hearing. *See* Resp. [64] at 37. Rather than argue that the constitutional violation in this case was the result of a policy or custom, Mr. Chavez argues that Mr. Serrano caused the constitutional violation by disregarding ODOC policy.

I find that Mr. Chavez has not alleged that Mr. Serrano's decision to deny his request to present witnesses at his disciplinary and restitution hearings was the result of an ODOC policy or custom. Therefore, Mr. Chavez has not presented a genuine dispute regarding the claim against Mr. Serrano in his official capacity and Defendants' Motion for Summary Judgment [37] is granted on this claim.

D. <u>Conclusion</u>

Although Mr. Chavez has presented a genuine issue of fact for trial on the merits of his claim that prison officials' denial of his request to call witnesses violated constitutional due process protections, this claim is flawed on other grounds. The only defendant who is properly alleged to have personally participated in the alleged constitutional deprivation is Mr. Serrano.

19 – OPINION AND ORDER

But the claims against Mr. Serrano in his personal and official capacities are precluded by qualified immunity and the requirement that Mr. Chavez allege that a policy or custom was the moving force behind the constitutional violation. For these reasons, I find that there is no genuine issue for trial regarding the liability of any of the defendants in this case.

## CONCLUSION

For the reasons stated above, Mr. Chavez has failed to show that there is a genuine issue for trial on his Eighth and Fourteenth Amendment claims. Defendants are therefore entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment [37] is GRANTED.

IT IS SO ORDERED.

DATED this 25 day of February, 2019.

                                            MICHAEL W. MOSMAN
                                            Chief United States District Judge